UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELA CREATIVE, LLC; EXCELAMKTG, LLC; TELEWISE, LLC dba STYLEMINED, | CASE NO. 2:14-CV-3326-MMM-PLA |
| Plaintiffs, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| vs. | |
| DEAL SEGMENTS, LLC dba CHIC TREAT; DEAL SEGMENTS, INC.; JENNIFER BARRON; ERICA ANENBERG; JASON KATZ; E-GLASS, INC. dba LOLA BERNARD; and DOES 1-10, inclusive, | |
| Defendants. | |

489357.1

The Court recognizes that there is a possibility that at least some of the documents, electronic data, and information being sought through discovery in the above-captioned action may, for competitive or other reasons, normally kept confidential by the parties.

GOOD CAUSE STATEMENT

1.      The Parties believe there is good cause for entry of a protective order in this action to protect and safeguard the confidentiality of their material, competitively-sensitive documents.

2.      The Parties' contracts with television studios contain sensitive, non-public sales and financial information, revenue-sharing information and contract terms.  The Parties have invested time and money to build their contracts with brands and television shows, networks and production companies.

3.      The Parties' sales and revenue documents contain competitive and sensitive financial performance and revenue information.  Such information includes information on how well (or how poorly) each brand and each product category performs, as well as information about the sales generated from each of the television shows.  This information could be valuable to competitors because it could allow them to target the brands, brand categories and shows that are best-performing and could provide them with financial information that could be used to approach and pitch competitors' brands and television shows.

The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action, subject to entry of this Stipulation and Order by the Court.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The purpose of this Order is to protect the confidentiality of such Materials as much as practically possible during the litigation, consistent with the constitutional mandate of open judicial proceedings. NOW THEREFORE:

**DEFINITIONS**

1.      The term "Confidential Information" shall mean and include information disclosed or

1   to be disclosed during this litigation, including without limitation information contained in

2   Materials and information provided in documents, answers to interrogatories, responses to

3   requests for admission, trial testimony and transcripts thereof, deposition testimony and

4   transcripts thereof, including data, summaries, compilations, copies, abstracts, and any other

5   format reproducing or capturing such information or otherwise derived from such information

6   that meets the designation requirements of "CONFIDENTIAL", or "CONFIDENTIAL-

7   OUTSIDE COUNSEL ONLY", as set out below.

8       2.   The term "Materials" shall include but is not limited to documents, agreements,

9   contracts, correspondence, e-mails, memoranda, bulletins, blueprints, specifications, customer or

10   contact lists or other matter that identify customers or potential customers, price lists or schedules

11   or other matter identifying pricing, minutes, telegrams, letters, statements, canceled checks,

12   contracts, invoices, drafts, books of account, worksheets, notes of conversations, desk diaries,

13   appointment books, expense accounts, recordings, photographs, motion pictures, compilations

14   from which information can be obtained and translated into reasonably useable form through

15   detection devices, sketches, drawings, notes (including laboratory notebooks and records),

16   reports, instructions, disclosures, other writings, models and prototypes, and other physical

17   objects.

18       3.   The term "Counsel" shall mean (i) outside counsel who appear in the action in any

19   capacity, whether on the pleadings, on the record in a deposition or in a hearing, or in any other

20   circumstance associated with this action, as counsel for a party, including without limitation, their

21   partners, principals, counsel, associates, employees, and contract attorneys of such outside

22   counsel to whom it is reasonably necessary to disclose the Confidential Information for this

23   action, including supporting personnel employed by the attorneys, such as paralegals, legal

24   secretaries, and law clerks, and/or (ii) independent shorthand reporters retained to record and

25   transcribe testimony in this case and videographers retained to film testimony in this action.

26       4.   The term "Independent Expert" shall mean a person with specialized knowledge or

27   experience in a matter pertinent to the case who has been retained by Counsel to serve as an

28   expert witness or as a litigation consultant in this case, and who is not a current employee of a

1   party or of a competitor of a party and who, at the time of retention, is not anticipated to become

2   an employee of, or a non-litigation consultant of a party or competitor of a party.

3   **GENERAL RULES**

4       5.   Each party to this litigation that produces or discloses any Confidential Information

5   and/or Materials, or any other information or Materials that the producing party believes should

6   be subject to this Order, may designate the same as "CONFIDENTIAL", or "CONFIDENTIAL—

7   OUTSIDE COUNSEL ONLY" as set forth herein:

8               a.   Designation as "CONFIDENTIAL":  any party may use the

9                    "CONFIDENTIAL" designation only if, in the good faith belief of such party

10                   and its Counsel, the unrestricted disclosure of such information and/or

11                   Materials could realistically be prejudicial to the business or operation of such

12                   party because such information and/or Materials is not publicly known or

13                   available and the designating party has a legally cognizable right to keep such

14                   matter(s) confidential, such as in the case of a trade secret.

15              b.   Designation as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY":  any party

16                   may use the "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" designation

17                   only with respect to contractual terms offered or agreed to between the parties

18                   and one or more television shows, networks and/or production companies

19                   associated with that party's "flash" deal segments.

20      6.   Whenever a deposition taken on behalf of any party involves a disclosure of

21   Confidential Information of any party:

22              a.   A party may designate the deposition or any portion thereof as containing

23                   Confidential Information subject to the provisions of this Order.  A party shall

24                   have thirty (30) days after receipt of such deposition transcript to inform the

25                   adverse party of any portion(s) of the deposition and/or transcript thereof to be

26                   designated as "CONFIDENTIAL", or "CONFIDENTIAL-OUTSIDE

27                   COUNSEL ONLY".

28      7.   All Confidential Information designated as "CONFIDENTIAL" or

489357.1                                            3

1  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and in the possession of the receiving party

2  solely by reason of the production by the producing party must not be disclosed by the receiving

3  party to anyone other than those persons permitted access in this Order and must be handled in a

4  manner set forth below and, in any event, must not be used for any purpose other than in

5  connection with this litigation, unless and until such designation is removed either by agreement

6  of the parties, or by order of the Court.

7      8.   All Confidential Information designated as "CONFIDENTIAL-OUTSIDE

8  COUNSEL ONLY" and in the possession of the receiving party solely by reason of the

9  production by the producing party may be viewed only by Counsel for the receiving party and by

10 Independent Experts.   In advance of disclosing any Confidential Information to any Independent

11 Expert must first provide written notice to Counsel for the producing party, which notice shall

12 include:  (a) the individual's name and business title, (b) business address and country of

13 residence, (c) business or profession, (d) the individual's curriculum vitae, (e) any previous or

14 current relationship (personal or professional) with any of the parties, (f) a list of other cases in

15 which the individual has testified (at trial or deposition) within the last six years, (g) a list of all

16 companies with which the individual has consulted or by which the individual has been employed

17 within the last four years and the time period(s) and brief description and subject matter of each

18 consultancy or employment, and (h) an executed copy of the form attached hereto as Exhibit A.

19 Any objection by the producing party to an Independent Expert receiving Confidential

20 Information must be made in writing within ten  days after receipt of the identification of

21 proposed Independent Expert, followed by a motion by the party objecting to the Independent

22 Expert within ten days thereafter.  Confidential Information may be disclosed to an Independent

23 Expert if the initial ten day period has expired and no objection has been made, or the subsequent

24 ten day period has expired and no motion has been filed and served.  The approval of Independent

25 Experts and their access to any Confidential Information shall not be unreasonably withheld, and

26 any party objecting to an Independent Expert, including her/his/its access to any Confidential

27 Information, shall have the burden of proving that the Independent Expert should not be granted

28 access to Confidential Information because there is a material risk that such Independent Expert

489357.1                                        4

1   would improperly use or disclose such Confidential Information.

2       9.   All Confidential Information designated "CONFIDENTIAL" and in the possession

3   of the receiving party solely by reason of the production by the producing party may be viewed

4   only by Counsel for the receiving party, by Independent Experts, and by the additional

5   individuals listed below, provided each such individual has read this Order in advance of

6   disclosure and has agreed in writing to be bound by its terms:

7           a.   Executives of a party who are required to participate in policy decisions with

8                reference to this action;

9           b.   Technical personnel of the parties with whom Counsel for the parties find it

10               necessary to consult, in the discretion of such Counsel, in preparation for trial

11               of this action;

12          c.   Court reporters, videographers, stenographic and clerical employees associated

13               with the parties;

14          d.   Vendors with whom outside counsel for the parties to this action have

15               contracted for clerical functions, such as copying of documents or preparation

16               of exhibits;

17          e.   Any special master, discovery master or referee, or mediator or other

18               alternative dispute resolution provider chosen by the parties or the Court, along

19               with necessary legal, paralegal, and secretarial personnel working under the

20               direction of such persons;

21          f.   The Court and such of its clerical personnel and other staff as the Court deems

22               necessary or appropriate; and

23          g.   mock jurors or jury consultants and/or trial consultants retained by Counsel in

24               this action, provided, however, that such individuals identified in this

25               paragraph has read this Order in advance of disclosure and has executed a copy

26               of the form attached hereto as Exhibit A in advance of access.

27      10.  With respect to all Confidential Information designated as "CONFIDENTIAL", or

28   "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", any person indicated on the face of the

489357.1                                    5

1  document to be its originator, author or the recipient of a copy of the document, may be shown

2  the same without restriction.

3      11.  All Confidential Information which has been designated as "CONFIDENTIAL" or

4  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" by the producing or disclosing party, and any

5  and all reproductions of that information and/or Material, must be retained in the custody of the

6  Counsel for the receiving party, except that Independent Experts authorized to view such

7  information under this Order may retain custody of copies such as are necessary for their

8  participation in this litigation.

9      12.  In the event of a dispute regarding the designation or disclosure of confidential

10  information, the procedure for obtaining a decision from the Court is that set forth in Local Rule

11  37.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the

12  parties may file a stipulation to that effect or the moving party may file an ex parte application

13  making the appropriate request.  The parties must set forth good cause in the stipulation or ex

14  parte application as to why the Joint Stipulation or portions thereof should be filed under seal, and

15  the party asserting that the information constitutes Confidential Information shall have the burden

16  of proving this to be the case.

17      13.  If Confidential Information is included in any papers to be filed in Court, such papers

18  shall be accompanied by an application to file the papers, or the confidential portion thereof—

19  under seal; the application must show good cause for the under seal filing.  The application shall

20  be directed to the judge to whom the papers are directed.  Pending the ruling on the application,

21  the papers or portions thereof subject to the sealing application shall be lodged under seal.

22      14.  Once the case proceeds to trial, all of the court-filed information that was designated

23  as confidential and/or kept and maintained pursuant to the terms of the Protective Order becomes

24  public and will be presumptively available to all members of the public, including the press,

25  unless compelling reasons supported by specific factual findings to proceed otherwise are made to

26  the district judge in advance of the trial.

27      15.  All Confidential Information must be held in confidence by those authorized by this

28  Order to inspect or receive it, and must be used only for purposes of this action.  Counsel for each

489357.1

party, and each person receiving or accessing Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16.   No party will be responsible to another party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

17.   If a party, through inadvertence, produced any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", and that the document or thing produced shall be treated as such in accordance with that designation under this Order.  The receiving party shall treat such designated Confidential Information in accordance with this Order, once the designating party so notifies the receiving party.  If the receiving party has disclosed such Confidential Information before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure, and the receiving party will make every effort to prevent disclosure by the party and by the person(s) receiving such inadvertently produced Confidential Information. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY".

18.   Nothing in this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.

19.   Nothing in this Order will bar Counsel from rendering advice to their clients with

489357.1

7

respect to this litigation and, in the course thereof, relying on any Confidential Information

designated as "CONFIDENTIAL", or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY",

provided that the contents of the Confidential Information must not be disclosed to those not

authorized by this Order.

20.   This Order shall be without prejudice to the right of any party to oppose production

of any Confidential Information for lack of relevance or any other ground other than the mere

presence of Confidential Information.  The existence of this Order must not be used by either

party as a basis for discovery that is otherwise improper under the Federal Rules of Civil

Procedure.

21.   Nothing in this Order will be construed to prevent disclosure of Confidential

Information if such disclosure is required by law or by order of the Court.

22.   Nothing in this Order will be construed to conflict with laws regulating the

exportation of certain types of information, Materials, or devices outside the United States.

23.   Unless otherwise agreed by the parties in writing, within sixty (60) days after the

final disposition of this action, as defined below, each receiving party must return all Confidential

Information to the producing party or destroy such material.  Whether the Confidential

Information is returned or destroyed, the receiving party must submit a written certification to the

producing party (and, if not the same person or entity, to the designating party) by the 60-day

deadline that (1) identifies (by category, where appropriate) all the Confidential Information that

was returned or destroyed and (2) affirms that the receiving party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the

Confidential Information.  Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, even if such materials contain Confidential Information.

Any such archival copies that contain or constitute Confidential Information remain subject to

this Protective Order as set forth herein.  Even after Final Disposition of this litigation, the

confidentiality obligations imposed by this Order will remain in effect until a designating party

489357.1

8

agrees otherwise in writing or a Court otherwise directs.  As used herein, "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

24.   The restrictions and obligations set forth in this Order shall not apply to any Confidential Information that (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

25.   The restrictions and obligations in this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26.   Transmission by facsimile is acceptable for all notification purposes within this Order.

27.   This Order may be modified only by written agreement of the parties, subject to approval by the Court.

28.   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with advance notice of the Court's intent to modify this Order and the content of the modifications, prior to entry of such an order.

29.   Even after termination of this action, the confidentiality and other obligations imposed by this Order shall remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs. Any Final Disposition of this action as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by

1    the Court. The parties, Counsel, and any individual who receives any Confidential Information

2    authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

3    DATED: December 8, 2014          BROWNE GEORGE ROSS LLP

4                                        Eric M. George

5                                        Russell F. Wolpert

6

7                            By       /s/Russell F. Wolpert
                                            Russell F. Wolpert

8                                 Attorneys for Defendants Deal Segments, LLC dba
                                Chic Treat; Deal Segments, Inc.; Jennifer Barron; Erica

9                                 Anenberg; Jason Katz; and E-Glass, Inc. dba Lola
                                Bernard

10

11    DATED: December 8, 2014          SAN DIEGO IP LAW GROUP LLP
                                       James V. Fazio, III

12                                        Trevor Q. Coddington, Ph.D.

13

14                            By       /s/James V. Fazio, III
                                            James V. Fazio, III

15                                 Attorneys for Plaintiffs Excela Creative LLC;
                                Excelamktg, LLC; and Telewise, LLC dba Stylemined

16

17                                    **ORDER**

18       Based on the foregoing, and good cause appearing therefore,

19       IT IS SO ORDERED.

20    Dated: ___12/9/14___

21                                  UNITED STATES MAGISTRATE JUDGE

22                                     PAUL L. ABRAMS

23

24

25

26

27

28

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELA CREATIVE, LLC; EXCELAMKTG, LLC; and TELEWISE, LLC dba STYLEMINED, | Case No. 2:14-CV-3326-MMM-PLA |
| Plaintiffs, | ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |
| v. | |
| DEAL SEGMENTS, LLC dba CHIC TREAT; DEAL SEGMENTS, INC.; JENNIFER BARRON; ERICA ANENBERG; JASON KATZ; E-GLASS, INC. dba LOLA BERNARD, | |
| Defendants. | |

I, _____ [print or type full name], declare as follows:

1.    I am employed as _____ by _____.

2.    I have received and read a copy of the Protective Order that was issued by the United States District Court for the Central District of California in this action, and understand and agree to abide by its terms.

3.    I agree to keep confidential all Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

4.    I acknowledge that by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

5.    I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

489357.1

11

6.     I authorize _____ to accept service of process on my behalf in any action or proceeding for contempt or to enforce the terms of the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____

489357.1

12